## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BILLY G. MAYBERRY,** *pro se,*

    **Plaintiff,**

v.                                                                 Case No.  8:10-cv-1876-T-30TGW

**PASCO COUNTY SHERIFF'S OFFICE,**
**et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Regional Medical Center Bayonet Point's Motion to Dismiss (Dkt. 42), Plaintiff's Motion to Hold in Abeyance Court's Ruling on Defendant Bayonet Point's Motion to Dismiss (Dkt. 49), Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. 50), and Defendants' Responses in opposition. The Court, having considered the motions, responses, and being otherwise advised in the premises, concludes that Defendant Bayonet Point's motion to dismiss should be granted and Plaintiff's motions should be denied.

## DISCUSSION

Plaintiff, who is proceeding *pro se*, filed the instant action against Defendant Regional Medical Center Bayonet Point ("Bayonet Point") and numerous other individuals employed by the Pasco County Sheriff's Office for injuries arising out of events allegedly occurring on December 2, 2006. According to the complaint, on December 2, 2006, Pasco County

sheriff's deputies tasered Plaintiff while he was standing outside a 7-11 gas station. Plaintiff alleges that this caused him to "fall crashing to the ground [and] caused him to suffer serious bodily injury."

Plaintiff alleges that he was transported to Bayonet Point Hospital. After arriving at the hospital, Plaintiff claims that Defendant Russell Knieriem "refused to loosen the Plaintiff's handcuffs so the doctor could take his vital signs." Plaintiff further alleges that after he spoke with the doctor, the doctor did not conduct any further medical evaluation of Plaintiff before medically clearing him for release from the hospital.

Plaintiff alleges that Bayonet Point was grossly negligent in the inadequate medical treatment of his injuries and that the negligent medical treatment resulted in injury. Plaintiff does not allege that he engaged in or completed any of the mandatory presuit screening requirements pursuant to Florida's medical malpractice act.

Bayonet Point filed a motion to dismiss Plaintiff's negligence claim based on the Florida Statute of Limitations. Specifically, pursuant to Fla. Stat. §95.11(4)(b), "[a]n action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred." It appears on the face of the complaint that Plaintiff's claim is not within this limitation because the alleged incident occurred on December 2, 2006. Also, it is evident that Plaintiff did not comply with any of the medical malpractice act's presuit requirements. *See* Fla. Stat. §766.106(2)(a).

Plaintiff, in responding to the deficiencies raised in Bayonet Point's motion to dismiss, filed motions to amend his complaint and a motion to hold the Court's ruling on Bayonet

Point's motion to dismiss in abeyance until after the filing of the amended complaint. Plaintiff's proposed amended complaint abandons his medical malpractice claim against Bayonet Point and replaces it with a claim for "medical deliberate indifference" under a *respondeat superior* theory. The proposed amended complaint alleges that Bayonet Point is liable solely through the actions of its doctor "John Doe." Plaintiff makes no allegations that Bayonet Point is liable by and through its own actions or inactions.

Although the Court believes that amendment should usually be freely given at this stage in this case, especially when the plaintiff is proceeding *pro se*, here, amendment would be futile. Specifically, as Bayonet Points out, it is well established in the Eleventh Circuit that there is no *respondeat superior* liability under 42 U.S.C. §1983, which controls this matter. *See Campbell v. Broward Sheriff's Office*, 2011 WL 1134322, at *3 (S.D. Fla. March 28, 2011). In other words, in a section 1983 claim, Bayonet Point cannot be held responsible for the action or inaction of the doctor who treated Plaintiff. Accordingly, Bayonet Point's motion to dismiss should be granted and it should be dismissed from this case with prejudice. Also, because the remaining Defendants have filed answers, there is no need for Plaintiff to amend his complaint as to these Defendants.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Regional Medical Center Bayonet Point's Motion to Dismiss (Dkt. 42) is GRANTED.

2. Defendant Regional Medical Center Bayonet Point is dismissed from this case with prejudice and the CLERK should terminate it as a party.

3. Plaintiff's Motion to Hold in Abeyance Court's Ruling on Defendant Bayonet Point's Motion to Dismiss (Dkt. 49) and Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. 50) are DENIED.

**DONE** and **ORDERED** in Tampa, Florida on June 23, 2011.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-1876.mts42,49,50.frm